PER CURIAM:
On December 22, 1988, claimant was traveling east on U.S. Route 50 in the direction of Bridgeport when her vehicle struck a pothole on a bridge. She seeks $799.95 for damages to her automobile, a 1973 Plymouth Scamp.
Claimant testified that on the day of the incident, the four-lane highway was dry. Between 8:00 and 8:30 a.m., claimant was going to her place of employment. Her speed was approximately 45-50 miles per hour. She stated that the bridge is in poor condition, and the hole which her vehicle struck was on the surface of the bridge in the right lane. Claimant estimated the hole to be ten inches deep. The road had deteriorated since she had driven that route earlier in the week. Damage was done to the shocks, transmission, and a tire. The automobile also required alignment.
Terry Allen Mellott, who works with the claimant, testified that he drives U.S. Route 50 from Doddridge County to Bridgeport everyday. He stated that the area was not marked in any way to warn drivers of the existence of potholes. In December of 1988, he drove that route to work for the three days prior to claimant's accident and was aware of the hole. He observed another vehicle "... blow a tire..." at this hole about 10:00 a.m. on the day of claimant's accident.
Richard Alan Brown, maintenance crew leader for the respondent on U.S. Route 50, testified that a crew had erected warning signs on the bridge on December 21, 1988, and had patched the bridge with cold mix on December 22, 1988. A "Rough Road" sign and "Speed Advisory" sign with flashing lights were placed. The signs were located approximately 50 feet before the approach on both sides of the bridge. They had been erected the afternoon of December 21, 1988, and were present and functioning on December 22, 1988.
After careful consideration, the Court has determined that the claimant has failed to show the existence of negligence on the part of the respondent. The record reveals that the respondent followed the required standard in its erection of signs to warn drivers. Respondent was monitoring the holes on the bridge in question, and did not have notice of the increase in size of *38 the hole involving claimant's accident. For that reason, the Court is of the opinion to, and must, deny the claim.
Claim is disallowed.